IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Demetrius J. Smalls, | ) C/A No. 2:14-958-RMG-BHH |
| Plaintiff, | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| David Michel; Levica Kirvin; Ira Grossman; Linda Lombard; and David Pagliarini, | ) |
| Defendants. | ) |

Plaintiff, Demetrius J. Smalls, also known as Demetrius Jarod Smalls ("Plaintiff"), is a state prisoner in the Lieber Correctional Institution of the South Carolina Department of Corrections ("SCDC") in Ridgeville, South Carolina. Plaintiff files this action against Defendants, pursuant to 42 U.S.C. § 1983, seeking injunctive relief.[1] Plaintiff is proceeding pro se and in forma pauperis, pursuant to 28 U.S.C. §§ 1915, 1915A. Under the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d) (D.S.C.), the undersigned United States Magistrate Judge is authorized to review such complaints for relief and submit findings and recommendations to the Court. Having reviewed the Complaint in accordance with applicable law, the undersigned recommends that it be summarily dismissed, without

---

[1] Not itself a source of substantive rights, § 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by "person(s)" acting "under color of state law." See Jennings v. Davis, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails. See McKnight v. Rees, 88 F.3d 417(6th Cir. 1996). To state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) individual defendant(s) deprived him of a federal right, and (2) did so under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980); see Hall v. Quillen, 631 F.2d 1154, 1155-56 (4th Cir. 1980).

prejudice and without issuance and service of process, because it fails to state a plausible claim on which relief may be granted by this Court.

## PRO SE AND IN FORMA PAUPERIS REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. The review has been conducted in light of the following precedents: Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Estelle v. Gamble, 429 U.S. 97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); and Gordon v. Leeke, 574 F.2d 1147 (4th Cir. 1978).  The Complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit.  To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. §1915(e)(2)(B)(i), (ii), (iii).  Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte.  Neitzke v. Williams, 490 U.S. 319 (1989).

This Court is required to liberally construe pro se documents, Estelle v. Gamble, 429 U.S. 97, 97 S. Ct. 285 (1976), holding them to a less stringent standard than those drafted by attorneys, Hughes v. Rowe, 449 U.S. 5, 101 S. Ct. 173 (1980) (per curiam).  Even under this less stringent standard, however, a pro se complaint is subject to summary dismissal. The mandated liberal construction afforded pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to "conjure up questions never

squarely presented" to the court. Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't. of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## BACKGROUND

Plaintiff alleges that Defendant Michel is "the Municipal Court Judge in the town of Mount Pleasant," Defendant Kirvin is "the Municipal Court Administrator in the Mount Pleasant Municipal Court," Defendant Lombard is "the Charleston County Centralized Bond Hearing Court Judge," and Defendants Grossman and Pagliarini are "the Corporation Counsel of the Town of Mount Pleasant." Complaint, ECF No. 1-1, p. 1-2. Plaintiff alleges that he is "challenging the interpretation of the underlying (state) statutes and court rules governing the decision in case no. 2004-010174," and that he

> seeks injunctive relief to terminate the Mount Pleasant Municipal Court from depriving the Plaintiff of his United States Constitutional Right to Due Process of Law, by such corporation suppressing the order of entry of judgment, sentencing sheets, and etc. from the Plaintiff. Such act deprives the Plaintiff of his right to subject the prosecution to a meaningful adversarial challenge, by collaterally attacking the subject matter jurisdiction issue in case no. 2004-010174 on post-conviction relief.

Complaint, ECF No. 1, p. 1. Plaintiff alleges that "after being tried in absentia, for offenses 56-1-440, driving without a license 1st, and 16-5-50, interference with/hindering officers . . . the Municipal Court suppressed orders of judgment, sentencing sheets, and witnesses testimony that was used to convict him in his absence in such case." Id. at 2. Plaintiff alleges that "the Town of Mount Pleasant Municipal Court has restrained his liberty in subjecting the prosecution to a meaningful adversarial challenge, by depriving him of the order of judgment, to afford him of his right to appeal his conviction, and collaterally attack

his conviction based on the Court's means of acquiring jurisdiction to hear and decide case no. 2004-010174." Id.

As to the relief he seeks, Plaintiff asks for an injunction ordering the Mount Pleasant Municipal Court "to issue the order of entry of judgment so that Plaintiff can collaterally attack his conviction in case no. 2004-010174 on appeal and present before the post-conviction relief court that no order was sent to the South Carolina Court Administration to be approved for consistency with statewide administrative policies in order for such order to be effective to commence a criminal trial and enter a judgment of the court." Id. at 10. Plaintiff alleges

> this is not an attempt to have the District Court rule on, or render the conviction of case no. 2004-010174 illegal. This is simply to order the Court to allow the Plaintiff access to all orders of judgment, sentencing sheets, and witnesses testimony as Rule 72, SCRCP and SC Code Ann. 14-25-95 1976 Code or SC Code Ann. 14-5-340 1976 Code provides, (5,14 USCA) in order for the Plaintiff to obtain a reversal or vacated judgment on appeal of case no. 2013-CP-10-4356, being that such order has been suppressed from the Plaintiff from Feb. 3, 2005, to the present day.

Id. at 11.[2]

---

[2] The undersigned takes judicial notice that this is the third case filed by Plaintiff which directly or indirectly concerns Plaintiff's January 27, 2005 arrest, which ultimately led to his guilty pleas, on June 27, 2007, to two counts of armed robbery, kidnapping, and assault and battery with intent to kill in Charleston County General Sessions Court, and Plaintiff's sentence of twenty-five (25) years imprisonment, which he is currently serving in the Lieber Correctional Institution of the South Carolina Department of Corrections. See Complaint, ECF No. 1, p. 2.; Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"); Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970) ("The District Court clearly had the right to take notice of its own files and records.").

In Smalls v. Owens, et al., C/A No. 13-3374-RMG-BHH (D.S.C.), which was filed on December 4, 2013 and summarily dismissed on January 9, 2014, Plaintiff pursued §1983 claims for monetary damages and declaratory relief against four officers of the Summerville

4

## DISCUSSION

Plaintiff's Complaint, filed on March 18, 2014, alleging violations of Plaintiff's due process rights in municipal court proceedings that occurred in January and February 2005, clearly appears on its face to be untimely. Based on Owens v. Okure, 488 U.S. 235 (1989) and Wilson v. Garcia, 471 U.S. 261 (1985), a state's general or residual statute of limitations governing personal injury actions is the applicable statute of limitations for § 1983 actions. In South Carolina, that has been held to be S.C. Code Ann. § 15-3-530(5).

---

Police Department and the Dorchester County Sheriff's Department. Plaintiff alleged that he was initially stopped for a traffic offense and detained on outstanding summonses/warrants for driving without a license and interfering with an officer, which were improperly issued and served on Plaintiff. Plaintiff alleged that these warrants were from outside the county and were allegedly not counter-signed, as required by state law, by a local magistrate or municipal court judge, before being served upon him. Plaintiff also alleged, as he does in the instant case, that he was found guilty in his absence, in the Mount Pleasant Municipal Court, in case no. 2004-01-174 on February 5, 2005. This initial traffic stop and Plaintiff's alleged illegal arrest and detention then led to his interrogation, confession, and conviction on the charges for which he is now confined. Plaintiff alleged that there were no records of this criminal judgment, or that the Mount Pleasant Court refused to provide him with the records, either or both of which circumstances Plaintiff alleged violated his due process rights. C/A No. 13-374 was summarily dismissed based on Heck v. Humphrey and based on the patent untimeliness of the filing of Plaintiff's Complaint.

In Smalls v. McFadden, C/A No. 13-2651-RMG-BHH (D.S.C.), which is currently pending, Plaintiff filed his first federal habeas corpus petition, pursuant to 28 U.S.C. § 2254, on September 27, 2013. Plaintiff challenges his June 27, 2007 convictions and sentences. Plaintiff alleges extrinsic fraud, perjury/illegal arrest, prosecutorial misconduct/Brady violation, and ineffective assistance of counsel. Plaintiff alleges that he was "kidnapped from society on inactive arrest warrants and the Solicitor, Attorney General, Magistrate, Municipal and Circuit Courts are well aware of this and initiated cases 2004-010174, 2005-000-275 and 2005-000-979, knowingly and deliberately submitted fake information on state documents to conceal their intentional scheme to defraud the court as well as manipulating the transfer court system to prosecute me in General Sessions Court." Plaintiff alleges that arresting officers lied about his initial arrest because they knew it was defective. Plaintiff alleges that the Solicitor withheld exculpatory Brady evidence that a confidential informant was paid $100 to give information that led to Plaintiff's arrest.

Thus, the applicable statute of limitations for the instant Complaint is three years.[3]  It plainly appears from Plaintiff's Complaint that the actions upon which Plaintiff is basing this lawsuit took place on February 3, 2005 (Plaintiff's trial in case no. 2004-010174). Complaint, ECF No. 1, p. 9.  However, Plaintiff's Complaint was not filed until 2014, five years beyond the three-year statute of limitations, thus raising on its face the obvious affirmative defense of its untimeliness.[4]

Additionally, to the extent that Plaintiff seeks mandamus-type relief in the form of an injunctive order of this Court directing these Defendants and the Municipal Court of Mount Pleasant to provide Plaintiff with records of 2005 proceedings and judgments that Defendants and the Municipal Court have already advised Plaintiff they do not have, see Complaint, ECF No. 1-5, p. 22-23, Plaintiff cannot obtain such relief from this Court.  This Court lacks jurisdiction to issue a writ of mandamus against these Defendants.  See 28

---

[3] "Except as to actions initiated under Section 15-3-545 [medical malpractice actions], all actions initiated under Section 15-3-530(5) must be commenced within three years after the person knew or by the exercise of reasonable diligence should have known that he had a cause of action."  S.C. Code Ann. § 15-3-535.

[4] Under Rule 8(c) of the Federal Rules of Civil Procedure, a statute of limitations defense is an affirmative defense, which is subject to waiver if not timely raised in a responsive pleading.  See, e.g., United States v. Ward, 618 F. Supp. 884, 901 (E.D.N.C. 1985); and American National Bank v. Federal Deposit Insurance Corporation, 710 F.2d 1528, 1537 (11th Cir. 1983).  Even so, the holding in Todd v. Baskerville, 712 F.2d 70, 74 (4th Cir. 1983), authorizes a district court to anticipate clearly apparent affirmative defenses available to the defendants in determining under § 1915 whether process should be issued against the defendants.  See also Rogers v. Isom, 709 F. Supp. 115, 117 (E.D. Va. 1989) ("A determination of frivolousness on the basis of affirmative defenses is appropriate even though no responsive pleadings have been filed."), citing Todd v. Baskerville, and Duncan v. West Virginia, 597 F. Supp. 1195, 1196 (S.D.W.Va. 1984) ("Although some of the matters discussed constitute defenses, where the complaint on its face raises obvious and complete affirmative defenses, the Court may consider these defenses in ruling under 28 U.S.C. § 1915(d) finding a complaint frivolous.") (citation omitted).

6

U.S.C. § 1361; Gurley v. Superior Ct. of Mecklenburg County, 411 F.2d 586, 587-88 & nn. 2-4 (4th Cir. 1969) (a federal district court may issue a writ of mandamus only against an employee or official of the United States); Moye v. Clerk, DeKalb County Sup. Court, 474 F.2d 1275, 1275-76 (5th Cir.1973) (federal courts do not have original jurisdiction over mandamus actions to compel an officer or employee of a state to perform a duty owed to the petitioner); see also In re Carr, 803 F.2d 1180, 1180 (4th Cir., Oct 24, 1986) (unpublished opinion) (same).

To the extent that Plaintiff seeks to challenge the validity of his municipal court convictions, as a means of obtaining a reversal or vacated judgment of his state-court post-conviction relief ("PCR") action in case no. 2013-CP-10-4356 and his release from prison, such a challenge would have to be made via the state-court appellate and post-conviction process, and then via a federal habeas corpus action, after exhaustion of Plaintiff's state court remedies. See 28 U.S.C. §§ 2241, 2254. According to the United States Supreme Court, "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." Heck v. Humphrey, 512 U.S. 477, 481 (1997).

Additionally, to the extent that Plaintiff seeks injunctive relief against the named Defendants for actions performed as part of the judicial phase of Plaintiff's criminal cases, which were taken in the course of their ordinary and official duties as municipal and magistrate court judges, court administrator, and prosecutors, these Defendants would have judicial, quasi-judicial, and prosecutorial immunity. See 42 U.S.C. § 1983, Mireles v. Waco, 502 U.S. 9, 12 (1991); Ostrzenski v. Seigel, 177 F.3d 245, 249 (4th Cir. 1999);

7

Goldstein v. Moatz, 364 F.3d 205, 213 (4th Cir. 2004); Imbler v. Pachtman, 424 U.S. 416 (1976); Dababnah v. Keller-Burnside, 208 F.3d 467 (4th Cir. 2000). While prosecutorial immunity does not protect prosecutors from suits for injunctive and/or declaratory relief (see Supreme Court of Virginia v. Consumers Union of the United States, Inc., 446 U.S. 719, 736-37 (1980)), as noted above, the injunctive, mandamus-type relief sought here is not available to Plaintiff in this civil rights action.

## RECOMMENDATION

Based on the foregoing, it is recommended that the District Court dismiss Plaintiff's Complaint, without prejudice and without issuance and service of process. Plaintiff's attention is directed to the important notice on the next page.

April 30, 2013  
Charleston, South Carolina

s/Bruce Howe Hendricks  
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk of Court**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).