IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

RECEIVED
USDC. CLERK. CHARLESTON. SC
2014 MAY 28  A 11: 42

| | |
|---|---|
| Demetrius J. Smalls, | ) |
|     Plaintiff, | ) No: 2:14-cv-958-RMG |
| v. | ) **ORDER** |
| David Michel; Levica Kirvin; Ira Grossman; Linda Lombard; and David Pagliarini, | ) |
|     Defendants. | ) |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge recommending that the Court dismiss Plaintiff's complaint without prejudice and without issuance and service of process. (Dkt. No. 11). For the reasons set forth below, the Court agrees with the Magistrate Judge's recommendation.

**Background**

Demetrius Smalls ("Plaintiff") is a state prisoner proceeding pro se and *in forma pauperis*. Plaintiff filed this action under 42 U.S.C. § 1983 alleging that Defendants David Michel, Levica Kirvin, Ira Grossman, Linda Lombard, and David Pagliarini violated his due process rights in a previous municipal court proceeding. (Dkt. No. 1 at 1). Specifically, Plaintiff alleges that he was tried *in abstentia* and was deprived of access to the order of entry of judgment, sentencing sheets, and witness testimony from that proceeding. (Dkt. No. 1 at 2). Plaintiff argues that as a result of those alleged violations, he was unable to subject the prosecution to a meaningful adversarial challenge or appeal his conviction in a timely manner. (*Id.*). Plaintiff also argues that Defendants waived any defenses based on lack of subject matter jurisdiction. (Dkt. No. 15 at 10). Plaintiff seeks an injunction ordering the municipal court to

1

issue an order of entry of judgment so that Plaintiff can collaterally attack his conviction based on the court's alleged lack of jurisdiction. (Dkt. No. 1 at 10).

Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e) DSC, this case was assigned to a Magistrate Judge for all pretrial proceedings. Under established local procedure in this judicial district, the Magistrate Judge conducted a careful review of the complaint pursuant to the provisions of 28 U.S.C. § 1915 and in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319 (1980); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978). On April 30, 2014, the Magistrate Judge recommended dismissing the complaint without issuance and service of process because it fails to state a claim upon which this Court may grant relief. (Dkt. No. 11 at 1–2). Plaintiff then filed a written objection to the Magistrate Judge's R&R. (Dkt. No. 15).

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court makes a de novo determination of those portions of the R&R to which specific objection is made and may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Court is charged with liberally construing a pro se litigant's pleadings. *See, e.g. De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). The Court however cannot ignore a plaintiff's clear failure to allege facts that set forth a cognizable claim. *United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012).

## Discussion

For the following reasons, this Court agrees with the Magistrate Judge's recommendation to dismiss this Complaint.

First, Plaintiff's complaint is barred by the statute of limitations governing causes of action under 42 U.S.C. § 1983. South Carolina's general or residual statute of limitations for personal injury actions governs § 1983 actions. *Owens v. Okure*, 488 U.S. 235, 250 (1989). In South Carolina, the statute of limitations for a general personal injury action is three years. S.C. Code Ann. § 15-3-535. Plaintiff filed this complaint on March 13, 2014, (Dkt. No. 1 at 12),[1] alleging violations of rights in proceedings that occurred in February of 2005, (Dkt. No 15-1 at 8). Although Plaintiff argues that he involuntarily waived his appeal because he was absent from the trial proceedings, Defendant was provided notice on February 9, 2005, of the February 3, 2005 trial. (Dkt. No. 15-1 at 5). This action should have been commenced within three years after Plaintiff knew or by the existence of reasonable diligence should have known that he had a cause of action. S.C. Code Ann. § 15-3-535.

Even if the complaint were timely, this Court cannot grant mandamus-type relief against these Defendants, which is the specific relief sought. The district courts have original jurisdiction of an action to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff. 28 U.S.C. § 1361. The Defendants listed in this action are not officers or employees of the United States, but are officers or employees of the state of South Carolina. Therefore, this Court cannot issue a writ of mandamus against these Defendants.

---

[1] A prisoner's complaint is considered filed when he delivers it to the prison mailroom. *Houston v. Lack*, 487 U.S. 266 (1988).

In addition, if the Court were able to grant injunctive relief, Defendants Michel and Lombard are immune. In any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. 42 U.S.C. § 1983. The special functions of some governmental officials, including judges performing judicial acts within their jurisdiction, require that they be exempted completely from liability. *Ostrzenski v. Seigel*, 177 F.3d 245, 248-49 (4th Cir. 1999). Plaintiff alleges that Defendant Michel is a Municipal Court Judge and that Defendant Lombard is the Charleston County Centralized Bond Hearing Court Judge. (Dkt. No. 1 at 1-2). Plaintiff seeks relief for Defendants' actions performed in the course of their ordinary and official duties as judges during Plaintiff's judicial proceedings. Therefore, these Defendants have judicial immunity.

## Conclusion

Plaintiff's action is untimely and this Court may not grant the relief sought by Plaintiff, therefore the Court **ADOPTS** the Magistrate Judge's recommendation and **DISMISSES** the Plaintiff's complaint without prejudice and without issuance and service of process.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

May 28, 2014
Charleston, South Carolina